John D. Bennett, S.
The respondents move pursuant to subdivisions 1, 4 and 6 of rule 107 of the Buies of Civil Practice to dismiss the instant proceeding to construe the will. The motion centers about the effect of a decree and a release each dated June 15, 1955 which involved a compromise of claims in this estate and the estate of a deceased fiduciary.
In discussing the compromise submitted at that time which led to the decree above referred to, this court said in a decision dated May 27, 1955: “Mary E. Jones died in 1918 and her will was probated in that year. For nearly forty years this estate has been the subject of a constant series of bitter disputes which have been litigated in this court, the Supreme Court and the Appellate Courts of this State. The frequency of such litigation is indicated by the observation of Surrogate Howell in a memorandum dated December 9, 1948 in which he observes that matters in this estate appeared upon his calendar 27 days during 1947,17 days during 1948 prior to November 1st thereof. Two different removal proceedings were brought ag*ainst Bosalie Jones in her fiduciary capacity, the second of which was successful. Since her removal in a fiduciary capacity, there has been extensive litigation by and against Miss Bosalie Jones as an individual. Miss Louise E. Jones, once a co-fiduciary with her sister, Miss Bosalie Jones, died in or about 1952 and her estate is now involved in the problem of possible surcharge.
‘ ‘ At long last there appears to be some hope of a disposition of tírese various controversies and an orderly liquidation of what remains of this estate.”
It is quite apparent from the institution of the instant proceeding and the motions here involved that the “ Jones estate ” is reluctant to relegate itself to the inactive files. Despite the form of the instant proceeding, the question really at issue is whether or not in 1955, all questions were finally determined between the parties.
The court will take testimony on May 15, 1958 at 10:00 a.m., as to whether ‘ ‘ the broad, all inclusive language ’ ’ of the release dated June 15, 1955 was a result of “inadvertence, accident, mutual mistake or fraud ” (Lucio v. Curran, 2 N Y 2d 157,161).
*886 The determination of the motion will be held in abeyance pending that hearing.
If the parties so desire, an order to this effect may be settled on five days ’ notice.